## COMMERCE REALTY CO. et al. v. CHAS. F. THOMPSON SCENIC CO.

### No. 9299.

Court of Civil Appeals of Texas. San Antonio.

March 21, 1934.

VanderHoeven & Greathouse, Sylvan Lang, and Morris Wise, all of San Antonio, for appellants.

Samuel De Groot, of Los Angeles, Cal., and Hertzberg & Kercheville, of San Antonio, for appellee.

MURRAY, Justice.

Appellee, Chas. F. Thompson, doing business under the trade-name of Chas. F. Thompson Scenic Company, instituted this suit seeking to recover damages from appellant Commerce Realty Company, resulting to him as a consequence of Commerce Realty Company's breach of a certain contract giving appellee the exclusive advertising right in the Aztec Theatre and further agreeing to exhibit an advertising curtain in said theatre. Thompson was to pay $500 per month for the curtain, and in turn he had sold twenty subcontracts to advertisers who were to use space on this curtain.

Thompson alleged that Commerce Realty Company breached its contract by failing to exhibit the advertising curtain during the last three months of the year, and that he was thereby damaged in the sum of $3,204.42.

The trial was before the court, without the intervention of a jury, and judgment was rendered in Thompson's favor in the sum of $1,510.98. The trial judge made and filed his findings of facts and conclusions of law.

Commerce Realty Company interpleaded the San Antonio Amusement Company and alleged that it had leased the Aztec Theatre and had assumed the advertising contract, and had agreed to save and hold harmless

Commerce Realty Company therefrom. Judgment was accordingly rendered in favor of Commerce Realty Company over and against the San Antonio Amusement Company.

■ Appellants complain of the trial court's permitting oral testimony with reference to the subcontracts. The trial court permitted this only after the attorneys for appellants had brought·out such matter on cross-examination, and we find no reversible error in this.

It is ·clear from the findings of facts and conclusions of law that the trial judge based judgment herein upon the amount the subcontracts would produce according to their terms during the last three months of the main contract, which were the months of January, February and March, 1930, less the $500 per month Thompson should have paid appellants. Two of the twenty subcontracts did not run for the full year, and they were properly excluded from consideration by the trial judge.

■ By appellants' second assignment of error they complain of the trial court's taking into consideration, in arriving at the amount of damages, three of the subcontracts, which it is contended had been breached by the sub-advertisers not meeting their weekly payments. This ·was insufficient to show a breach of these contracts, and we overrule this assignment.

■ The third assignment complains of the taking into consideration two of these subcontracts, one of which had been settled and another assigned and settled. These settlements took place after appellants' breach on the main contract, and the trial court properly ·considered these contracts in determining the amount of appellee's damages.

■■ The fourth assignment complains of the trial court's consideration of five of the subcontracts, which had been paid in full in determining the amount of appellee's damages. We sustain this assignment. Appellee collected in full on these contracts, including the three months that the curtain was not shown. He has never refunded to such subcontractors for the time their advertisement was not shown. Any claim that such subcontractors might now assert against appellee would be barred by limitation and he could easily defeat their claim. The burden was on appellee to show his damages resulting as a consequence of appellants' breach of the main contract. He will not be permitted to secure judgment of items which

he says he was unable to collect as a result of the breach by appellants, when the evidence shows that he has collected these items and retained the money up to and including the time of the trial. The trial judge found that appellee would be compelled to return these sums to the subcontractors. This finding is not supported by the pleadings or the proof. These items amount to the sum of $1,-170, and this sum should be deducted from the amount of the judgment, which was $1,-510.98, leaving the sum of $340.98, which is the sum that appellee should have recovered.

The judgment of the trial court will be reformed so as to reduce appellee's recovery to the sum of $340.98, and as thus reformed is affirmed.

Reformed and affirmed.